UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00096-2 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| RICHARD SHAVER, | |
| Defendant. | |

**OPINION AND ORDER**

Defendant Richard Shaver moves the Court for temporary release under 18 U.S.C. § 3142(i) on the ground that his father recently passed away and the funeral will be held on November 4, 2021. (ECF No. 39.) The United States opposes the request. (ECF No. 42.) On November 3, 2021, the Court held a hearing on the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Shaver was charged in a criminal complaint on January 25, 2021. (ECF No. 1.) In short, a confidential source engaged in a controlled purchase of approximately one quarter pound of methamphetamine from a woman later identified as Defendant Kathleen Ramos. (ECF No. 1-1, ¶¶ 7–10, PageID #87–88.) When the purchase was made, a man was in the front passenger seat of the car Ms. Ramos was driving. (*Id.*, ¶ 11, PageID #88.) That person was later identified as Mr. Shaver, and approximately $2,400 was recovered from his lap. (*Id.*)

According to the affidavit, Mr. Shaver denied involvement in the drug transaction and stated that he was going to use the money to buy a car. (*Id.*, ¶ 15.)

1

A search of Mr. Shaver's truck located about 340 grams of methamphetamine. (*Id.*, ¶ 22, PageID #91.) In a subsequent interview, Mr. Shaver admitted to trafficking in methamphetamine. (*Id.*, ¶ 23.)

After Mr. Shaver's arrest, the Magistrate Judge ordered him detained pending a hearing. (ECF No. 6.) At a hearing on February 2, 2021, the United States "withdrew its motion for detention and consented to the release of defendant if certain conditions of release as recommended by Pretrial Services were ordered by the court." (Minutes, Feb. 2, 2021.) Among other terms, those conditions of release ordered Mr. Shaver to avoid all contact, directly or indirectly, with co-defendants and to have no contact with the victim of his 2020 domestic violence conviction. (ECF No. 11, PageID #117.)

Less than two weeks later, Mr. Shaver allegedly violated the terms of his pretrial release, resulting in the issuance of a warrant for his arrest. (ECF No. 15.) Without divulging sensitive or confidential information, Mr. Shaver contacted one of his co-defendants, made threats, and attempted to obtain information about the confidential source whose controlled purchase gave rise to the criminal complaint. As part of this motion, the Court has reviewed this information. At a hearing on February 12, 2021, Mr. Shaver admitted violating the terms of his pretrial release, and the Magistrate Judge granted the motion of the United States to revoke Mr. Shaver's bond. (Minutes, Feb. 12, 2021.) At the hearing, "Defendant requested the opportunity to remain on pretrial release, advising that he now knew the seriousness with which he should treat the conditions of release." (ECF No. 19,

2

PageID #162.) Based on the information before him, the Magistrate Judge found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community. (Id.)

On February 18, 2021, a grand jury returned an indictment. (ECF No. 20.) Mr. Shaver is charged with conspiracy to distribute methamphetamine in Count 1; distribution of methamphetamine in Count 2; and possession with intent to distribute methamphetamine in Count 3. (*Id.*, PageID #194–95.) These charges carry a mandatory sentence of ten years to life in prison.

On November 2, 2021, Mr. Shaver moved for temporary release to attend his father's funeral. (ECF No. 39.) According to information provided with the motion, Charles Shaver, Sr. passed away at age 78 on October 15, 2021, and his funeral will be held on November 4, 2021 at 2:15 pm at Ohio Western Reserve National Cemetery in Seville, Ohio. (*Id.*, PageID #252.) The United States opposed the motion based on the facts established at the violation hearing earlier this year and the Magistrate Judge's findings resulting in Mr. Shaver's detention.

At the hearing on November 3, 2021, counsel argued their respective positions on the motion. Defendant's brother, Charles Shaver, Jr. also appeared. He represented that the service at the cemetery for his father is scheduled to last approximately 15 minutes and that he intended to pay a brief visit to his mother afterward, who lives nearby. He expressed a willingness to take custody of and responsibility for his brother and understood the severity of any violation of conditions the Court imposed on temporary release, including the potential for

3

financial sanctions and time in jail. Although Charles Shaver, Jr. is disabled, he is able to drive and agreed to transport his brother to and from the jail. Finally, it was established that the cemetery is approximately a 75-minute drive from the facility housing Mr. Shaver.

## ANALYSIS

Under the Bail Reform Act, the Court may order the temporary release of a defendant detained while he awaits trial "in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Temporary release under Section 3142(i) does not disturb the original detention order and is not a release from custody. *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020). Further, the defendant has the burden of establishing circumstances warranting temporary release. *Id.* at *2.

The motion before the Court presents a close question. Mr. Shaver faces serious charges and a lengthy sentence. Moreover, he previously violated the terms of pretrial release after temporary detention. The United States rightly fears that Mr. Shaver will not abide by any conditions the Court imposes and expresses grave concern for the public safety from even Mr. Shaver's temporary release. Moreover, the Magistrate Judge determined that Mr. Shaver's conduct, along with other aspects of his background and offense, warrant detention pending trial. Defendant seeks temporary release within the general area where the conduct giving rise to the

charges he faces occurred, and the Court shares the serious concerns the United States raises. Still, based on the record before the Court, the Court finds that Mr. Shaver has carried his burden of establishing circumstances warranting temporary release subject to strict terms and conditions.

## ORDER

Therefore, to protect the public adequately and ensure Mr. Shaver's appearance in these proceedings, the Court **ORDERS** the following:

(1) The U.S. Pretrial Services Office for the Northern District of Ohio shall supervise Mr. Shaver during the period of his temporary release;

(2) Charles Shaver, Jr. will provide his home address and cell phone number to Pretrial Services, which shall provide any of this information, as needed, to the U.S. Marshals Service or others reasonably necessary to execute and enforce this Order;

(3) No later than noon on November 4, 2021, the U.S. Marshals Service shall place Mr. Shaver in the custody of Charles Shaver, Jr. who may take custody of him at Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505;

(4) Upon taking custody of Defendant, Charles Shaver, Jr. shall call Pretrial Services to confirm that he has custody of his brother;

(5) Charles Shaver, Jr. shall directly and immediately transport Mr. Shaver to the cemetery then his mother's house—the Court authorizes no other stops;

(6) During his temporary release Mr. Shaver is not to have access to or use a cell phone;

(7) During his temporary release, the conditions the Court previously imposed apply (ECF No. 11);

(8) Charles Shaver, Jr. shall report any violation of the terms of this temporary release order and, as a condition of temporary release, subjects himself to the jurisdiction of the Court to enforce this Order and shall ensure that Mr. Shaver returns to the custody of the U.S. Marshals Service no later than that date and time set forth in this Order;

(9) Absent a further Order of the Court, no later than 5:00 pm on November 4, 2021, Charles Shaver, Jr. shall return Mr. Shaver to the custody of the U.S. Marshals Service in the Northern District of Ohio at the Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505;

(10) Upon returning his brother to the custody of the U.S. Marshals Service, Charles Shaver, Jr. shall call Pretrial Services to confirm that he has relinquished custody of his brother;

(11) As an additional condition of this temporary release, the Court **ORDERS** Charles Shaver, Jr. to post a $20,000 unsecured bond for which he shall be liable for any violation of this Order or any violation of the conditions of Mr. Shaver's prior release (ECF No. 11).

Any violation of the terms of this Order shall result in immediate and summary revocation of temporary release and such further sanctions as the Court finds appropriate.

**SO ORDERED.**

Dated: November 3, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio